# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Honorable Marianne O. Battani<br>Hon. Mona Majzoub |
| In Re: WIRE HARNESS CASES | |
| THIS RELATES TO: ALL DEALERSHIP ACTIONS | 2:12-cv-00102-MOB-MKM |

## DEALERSHIP PLAINTIFFS' MOTION FOR LEAVE TO AMEND CONSOLIDATED CLASS COMPLAINT

Dealership Plaintiffs move for leave to file a Second Consolidated Class Complaint.

Pursuant to E.D.Mich. LR 7.1, on June 19, and June 20, 2013, attorneys for Dealership Plaintiffs and Defendants conferred and movants requested Defendants' concurrence in a motion for leave to file an Amended Consolidated Class Complaint in the form attached hereto, and explained the nature of the motion as well as its legal basis. Defendants did not concur to Dealership Plaintiffs' request to file said Amended Consolidated Class Complaint.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## BRIEF IN SUPPORT OF DEALERSHIP PLAINTIFFS' MOTION FOR LEAVE TO AMEND CONSOLIDATED CLASS COMPLAINT

## CONCISE STATEMENT OF ISSUES PRESENTED

Dealership Plaintiffs request leave to file an amended consolidated class complaint in this action, largely to harmonize their complaint with their later-filed complaints in actions following *Automotive Wire Harness Systems*, and to harmonize their complaint with the End-Payor *Automotive Wire Harness Systems* complaint.

## MOST APPROPRIATE AUTHORITY

E.D. Mich. LR 7.1

Fed. R. Civ. P. 15(a)(2)

*U.S. v. Marsten Apartments, Inc.*, 175 F.R.D. 257, 260 (E.D. Mich.1997).

**ARGUMENT**

Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." *See also Miri v. Dillon*, 2013 WL 2034310, at *12 (E.D. Mich.May 14, 2013). "[W]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion." *U.S. v. Marsten Apartments, Inc.*, 175 F.R.D. 257, 260 (E.D.Mich.1997). "Generally, courts have shown 'a strong liberality . . . in allowing amendments under Rule 15(a).'" *Id.* (quoting *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir.1941)).

Dealership Plaintiffs' complaint does not seek to add any claims or Defendants the court previously found it lacked legal basis to add. The main purpose of Dealership Plaintiffs' amendments is to bring their complaint into conformance with End-Payors' complaint, as well Dealership Plaintiffs' later-filed complaints in actions following *Automotive Wire Harness Systems Antitrust Litigation*. Additionally, Plaintiffs' changes account for the resolution of Defendants' motions to dismiss and seek to add the proper German Leoni entity as a Defendant. These amendments are requested, in good faith, to simplify this litigation.

Leave to make these amendments should be freely given as they are not prejudicial and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith. Rather, these amendments are sought in good faith, early in the litigation, when Defendants have not even begun discovery on Plaintiffs. Many of these claims were in the complaint filed by End-Payor Plaintiffs and resolved in favor of End-Payor Plaintiffs. Defendants already had an opportunity to litigate them.

To conform their complaint to End-Payors' complaint, Dealership Plaintiffs seek to add Denso Corp. and Denso International, America, Inc. ("Denso"). The addition of these

Defendants will make it so that End-Payor plaintiffs and Dealership plaintiffs are suing the same Defendant families and can therefore more fully coordinate their cases. Denso's addition is thus sensible and should not give rise to any new issues, given that Dealership Plaintiffs make substantially similar allegations to those made by End-Payor Plaintiffs, whose complaint against Denso was upheld, *see In re Automotive Parts Antitrust Litigation, Wire Harnesses*, 2:12-cv-00103-MOB-MKM Doc # 127 (June 6, 2013), at 6 (holding that "DENSO Defendants are no better situated for dismissal than other Defendants.").

Dealership Plaintiffs also seek to conform their complaint to End-Payors' complaint, by adding three consumer protection claims, under the laws of North Carolina, New Mexico and New York. End-Payors prevailed on these claims on the Collective Motion to Dismiss. *In re Automotive Parts Antitrust Litigation, Wire Harnesses*, 2:12-cv-00103-MOB-MKM Doc #99 (June 6, 2013), at 59. Because the analysis of Dealership Plaintiffs' claims is no different than that of End-Payors, for the elements required to plead these claims, Dealership Plaintiffs' addition of them should not create any novel issues. The viability of these claims has already been briefed by Defendants. The addition of these claims, after resolution of Defendants' challenges to them, is not prejudicial.

Dealership Plaintiffs have also amended their complaint such that their allegations concerning statutes of limitations are consistent with those of End-Payors. The above analysis of other amendments based on End-Payors' complaint applies to this amendment as well.

To make this complaint consistent with their complaints filed in later cases, including *Instrument Panel Clusters*, *Heater Control Panels* and *Fuel Senders*, Dealership Plaintiffs seek to add to their amended complaint all plaintiffs who became Dealership Plaintiff putative class representatives after the filing of the first Consolidated Class Complaint. Dealership Plaintiffs

5

also seek to amend their class representative descriptions and class descriptions to render them consistent with later-filed complaints. These changes are not prejudicial as Defendants will have an appropriate opportunity to take discovery of these plaintiffs and concerning these claims. Addition of new class representatives and amendments to descriptions of class representatives and the classes are to be expected before class certification briefing has commenced. In fact, the court's ruling resolving Defendants' Collective Motion to Dismiss indicated that the issue of whether the plaintiffs had standing to assert certain claims was not to be decided until class certification. 2:12-cv-00103-MOB-MKM Doc #99 at 20.

Dealership Plaintiffs have also made minor changes to provide clarification regarding their assertion of claims under the Hawaii and Vermont antitrust acts and their assessment of damages. Such changes are also not prejudicial at such an early stage in litigation and made in good faith to clarify Dealership Plaintiffs' pleadings.

Dealership Plaintiffs also seek to make changes to their complaint that were dictated by the resolution of Defendants' motion to dismiss. Namely, Dealership Plaintiffs seek deletion of plaintiffs whose claims were dismissed and deletion of dismissed Delphi, S-Y Systems and Leoni defendants. Dealership Plaintiffs seek only to identify the S-Y Systems entities as co-conspirators, given that, while the court found that it did not have personal jurisdiction over S-Y Systems Technologies Europe GmbH, it did not find that they were innocent of participation in the Automotive Wire Harness Systems conspiracy, and noted that "[n]ot only did a raid take place, Continental AG, now a 50% owner of S-Y Europe, acknowledged in its 2011 Annual Report that anticompetitive behavior occurred within an unnamed business unit and that additional violations could have occurred." 2:12-cv-00102-MOB-MKM Doc # 103, at 6. Dealership Plaintiffs thus seek to preserve their rights to request discovery regarding S-Y

6

Systems. Plaintiffs do not expect that these amendments will be opposed as they do not change the rights of any Defendants and thus are also not prejudicial.

Dealership Plaintiffs have also substituted Leoni AG with Leoni Bordnetz-Systeme GmbH. The Court held that it did not have personal jurisdiction over Leoni AG given that Leoni AG was a holding company, did not manufacture Automotive Wire Harness Systems, and thus could not have targeted U.S. customers. 2:12-cv-00102-MOB-MKM Doc # 101, at 11. Leoni Bordnetz-Systeme GmbH, on the other hand, does manufacture Automotive Wire Harness Systems, and serves as the head of the Leoni Wiring Division, which handles the manufacture of Automotive Wire Harnesses. SAC, ¶ 111. The amended complaint also alleges that the US market was specifically targeted by Leoni. SAC, ¶ 112.

The Court also held that the alter-ego theory was unsupported as to Leoni AG and Leoni Wiring Systems, Inc. because the connections between the two entities involved a middle entity—Leoni Bordnetz-Systeme GmbH. This complaint demonstrates that Leoni Bordnetz-Systeme GmbH and Leoni Wiring Systems, Inc. are connected by at least three overlapping executives and directors and that they are in fact presented as one entity—namely different "locations" of the Wiring Division of Leoni. SAC, ¶¶ 114-115. Leoni Bordnetz-Systeme GmbH, as the controller of the Wiring Division controls Leoni Wiring Systems, Inc. Thus, the exercise of personal jurisdiction over Leoni Bordnetz-Systeme GmbH is proper pursuant to the alter-ego theory, the stream of commerce theory and the *Calder* effects theory. *See Carrier Corp. v. Outokumpu Ojy*, 673 F.3d 430, 450-51 (6th Cir. 2012); *J Mcintyre Machinery, Ltd. v. Nicastro*, *U.S.*, 131 S. Ct. 2780, 2788 (2011); *Calder v. Jones*, 465 U.S. 783 [ ] (1984). The addition of this Defendant is not prejudicial to Defendants, given the early stage of litigation. This Defendant has been added under the good faith belief that, as the head of Leoni's Wiring

7

Division, it possesses and can supply Dealership Plaintiffs with relevant information regarding the conspiracy, the existence of which the Court found that Plaintiffs adequately pleaded as to Leoni. 2:12-cv-00102-MOB-MKM Doc # 101, at 6.

In addition to dismissing certain Defendants, the Court also entered a stipulation between Dealership Plaintiffs and Fujikura Ltd., allowing Dealership Plaintiffs to file an amendment to their complaint after resolution of the motions to dismiss, deleting Fujikura America, Inc. and substituting Fujikura Automotive America, LLC. W:12-cv-00102-MOB-MKM Doc # 89 (March 14, 2013). Dealerships seek to make this amendment as well and do not expect that it will be opposed, given the Court's order approving it.

WHEREFORE, Dealership Plaintiffs respectfully request entry of the Order attached as Exhibit 3, which allows Dealership Plaintiffs leave to file their Second Consolidated Class Action Complaint, attached as Exhibit 2.

Dated: June 20, 2013

Respectfully submitted,

/s/ *Gerard V. Mantese*
Gerard V. Mantese (P34424)
David Hansma (P71056)
Brendan H. Frey (P70893)
Mantese Honigman Rossman
 and Williamson, P.C.
1361 E. Big Beaver Rd.
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com

9

| | |
|---|---|
| Don Barrett | Jonathan W. Cuneo |
| David McMullan | Joel Davidow |
| Brian Herrington | Daniel Cohen |
| Barrett Law Group, P.A. | Victoria Romanenko |
| P.O. Box 927 | Cuneo Gilbert & LaDuca, LLP |
| 404 Court Square | 507 C Street, N.E. |
| Lexington, MS 39095 | Washington, DC 20002 |
| Telephone: (662) 834-2488 | Telephone: (202) 789-3960 |
| dbarrett@barrettlawgroup.com | jonc@cuneolaw.com |
| bherrington@barrettlawgroup.com | joel@cuneolaw.com |
| dmcmullan@barrettlawgroup.com | danielc@cuneolaw.com |
| | vicky@cuneolaw.com |

Shawn M. Raiter
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6500
sraiter@larsonking.com

*Attorneys for Dealership Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Gerard Mantese, hereby certify that on June 20, 2013, I caused the foregoing motion to be filed using the Court's CM/ECF system which will send electronic service to all counsel of record.

                                            /s/Gerard V. Mantese_____
                                            Gerard V. Mantese

Dated: June 20, 2013