UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Sean F. Cox |

_____

| | |
|---|---|
| IN RE: AUTOMOTIVE WIRE HARNESSES | CASE NO. 2:12-CV-00102 |
| IN RE: INSTRUMENT PANEL CLUSTERS | CASE NO. 2:12-CV-00202 |
| IN RE: FUEL SENDERS | CASE NO. 2:12-CV-00302 |
| IN RE: HEATER CONTROL PANELS | CASE NO. 2:12-CV-00402 |
| IN RE: BEARINGS | CASE NO. 2:12-CV-00502 |
| IN RE: OCCUPANT SAFETY SYSTEMS | CASE NO. 2:12-CV-00602 |
| IN RE: ALTERNATORS | CASE NO. 2:13-CV-00702 |
| IN RE: ANTI-VIBRATION RUBBER PARTS | CASE NO. 2:13-CV-00802 |
| IN RE: WINDSHIELD WIPERS | CASE NO. 2:13-CV-00902 |
| IN RE: RADIATORS | CASE NO. 2:13-CV-01002 |
| IN RE: STARTERS | CASE NO. 2:13-CV-01102 |
| IN RE: AUTOMOTIVE LAMPS | CASE NO. 2:13-CV-01202 |
| IN RE: SWITCHES | CASE NO. 2:13-CV-01302 |
| IN RE: IGNITION COILS | CASE NO. 2:13-CV-01402 |
| IN RE: MOTOR GENERATORS | CASE NO. 2:13-CV-01502 |
| IN RE: STEERING ANGLE SENSORS | CASE NO. 2:13-CV-01602 |
| IN RE: HID BALLASTS | CASE NO. 2:13-CV-01702 |
| IN RE: INVERTERS | CASE NO. 2:13-CV-01802 |
| IN RE: ELECTRONIC POWERED STEERING ASSEMBLIES | CASE NO. 2:13-CV-01902 |
| IN RE: AIR FLOW METERS | CASE NO. 2:13-CV-02002 |
| IN RE: FAN MOTORS | CASE NO. 2:13-CV-02102 |
| IN RE: FUEL INJECTION SYSTEMS | CASE NO. 2:13-CV-02202 |
| IN RE: POWER WINDOW MOTORS | CASE NO. 2:13-CV-02302 |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | CASE NO. 2:13-CV-02402 |
| IN RE: VALVE TIMING CONTROL DEVICES | CASE NO. 2:13-CV-02502 |
| IN RE: ELECTRONIC THROTTLE BODIES | CASE NO. 2:13-CV-02602 |
| IN RE: AIR CONDITIONING SYSTEMS | CASE NO. 2:13-CV-02702 |
| IN RE: WINDSHIELD WASHERS | CASE NO. 2:13-CV-02802 |
| IN RE: CONSTANT VELOCITY JOINT BOOTS | CASE NO. 2:14-CV-02902 |
| IN RE: SPARK PLUGS | CASE NO. 2:15-CV-03002 |
| IN RE: AUTOMOTIVE HOSES | CASE NO. 2:15-CV-03202 |
| IN RE: SHOCK ABSORBERS | CASE NO. 2:16-CV-03302 |
| IN RE: BODY SEALING PRODUCTS | CASE NO. 2:16-CV-03402 |
| IN RE: INTERIOR TRIM PRODUCTS | CASE NO. 2:16-CV-03502 |
| IN RE: BRAKE HOSES | CASE NO. 2:16-CV-03602 |
| IN RE: EXHAUST SYSTEMS | CASE NO. 2:16-CV-03702 |

| | |
|---|---|
| IN RE: CERAMIC SUBSTRATES | CASE NO. 2:16-CV-03802 |
| IN RE: POWER WINDOW SWITCHES | CASE NO. 2:16-CV-03902 |
| IN RE: AUTOMOTIVE STEEL TUBES | CASE NO. 2:16-CV-04002 |
| IN RE: ACCESS MECHANISMS | CASE NO. 2:16-CV-04102 |
| IN RE: MINIMODULES | CASE NO. 2:17-CV-04302 |
| IN RE: SIDE DOOR LATCHES | CASE NO. 2:17-CV-13005 |

THIS DOCUMENT RELATES TO:
Automobile Dealership Actions

## **DECLARATION OF EMMA K. BURTON IN SUPPORT OF CERTAIN AUTOMOBILE DEALERSHIP SETTLEMENT CLASS MEMBERS' MOTION TO ENFORCE PLANS OF ALLOCATION WITH REGARD TO RESERVE FUND ELIGIBILITY**

I, Emma K. Burton, declare as follows.

1. I am an attorney at Crowell & Moring LLP and am counsel for the Automobile Dealership Settlement Class members Wolfe Automotive Group, Kings Nissan and Kings Infiniti, Inc., and Young Automotive Group LLC ("Dealership Members") who move this Court to enforce the Plans of Allocation with regard to reserve fund eligibility in the class action settlements known as *In re: Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.) ("Dealership Settlements"). Through my representation of the Dealership Members, I have information relating to their claims to the Dealership Settlements, and all of the statements in this Declaration are, unless otherwise indicated, based upon information and belief.

2. During the relevant time period under the Dealership Settlements, Dealership Members together purchased over 350,000 new vehicles containing component parts manufactured and price fixed by Defendants to the Dealership Settlements, and incurred significant overcharges as a result of Defendants' illegal conduct.

3. Upon learning of its eligibility to participate in the Dealership Settlements, Wolfe Automotive Group (Claim ID AZ3-40000406-2) filed a timely Proof of Claim to the Dealership Settlements on January 19, 2019, prior to the January 21, 2019, claim filing deadline for the third round of settlements. Wolfe's claim to settlements grouped in Round 3 included vehicles purchased by 21 dealerships: Acura of Cleveland, Jay Wolfe Acura of Kansas City, Jay Wolfe Acura of Springfield, Jay Wolfe Chevrolet, Jay Wolfe Chrysler Plymouth Jeep Eagle, Jay Wolfe Daewoo, Jay Wolfe Dodge, Jay Wolfe Ford, Jay Wolfe Honda of Kansas City, Jay Wolfe Imports of Springfield, Jay Wolfe Kia, Jay Wolfe Mercedes Benz, Jay Wolfe Nissan, Jay Wolfe Toyota Scion of Kansas City, Jay Wolfe Toyota Scion of West County, Jay Wolfe Volkswagen, Saturn of Blue Springs, Saturn Of Glenview/Chicago, Saturn of Kansas City, Saturn of Olathe,

and Saturn of Tiffany Springs.  Wolfe's claim to the third round of settlements was validated by the claims administrator and initial distribution checks from the third round of settlements were issued to Wolfe on January 22, 2020, and April 27, 2020.

4. Upon learning of its eligibility to participate in the Dealership Settlements, Kings Nissan and Kings Infiniti, Inc. (Claim ID AZ3-40000351-1) filed a timely Proof of Claim to the Dealership Settlements on January 19, 2019, prior to the January 21, 2019, claim filing deadline for the third round of settlements.  Kings' claim to settlements grouped in Round 3 included vehicles purchased by two dealerships: Kings Nissan and Kings Infiniti.  Kings' claim to the third round of settlements was validated by the claims administrator and an initial distribution check from the third round of settlements was issued to Kings on April 27, 2020.

5. Upon learning of its eligibility to participate in the Dealership Settlements, Young Automotive Group LLC (Claim ID AZ3-40000350-3) filed a timely Proof of Claim to the Dealership Settlements on January 17, 2019, prior to the January 21, 2019, claim filing deadline for the third round of settlements.  Young's claim to settlements grouped in Round 3 included vehicles purchased by 12 dealerships: Bonanza Motors, Young Auto Mall, Young Buick GMC – Burley, Young Buick GMC – Layton, Young Chevrolet, Young Chrysler Jeep Dodge Ram Fiat – Burley, Young Chrysler Jeep Dodge Ram – Morgan, Young Ford of Brigham City, Young Ford – Morgan, Young Kia, Young Mazda and Young Subaru.  Young's claim to the third round of settlements was validated by the claims administrator and an initial distribution check from the third round of settlements was issued to Young on April 27, 2020.

6. Because the individual dealership settlements were treated as part of the larger, overall group of settlements with Defendants, class members submitting claims early in the process were able to "rely on that Proof of Claim and do nothing further to participate" in future

settlements with additional defendants. *See* Automobile Dealership Online Claim Form *available at* https://kccsecure.com/autodealersettlement/Claimant/Register. Accordingly, claims submitted in earlier rounds of settlements were automatically processed in subsequent rounds, as well. Notwithstanding, Wolfe, Kings, and Young each filed timely claims to the fourth and final round of settlements, including vehicles purchased in the expanded time frame for the Round 4 settlements.

7. Wolfe, Kings, and Young are class members to *all* of the Dealership Settlements, including those settlements grouped together in the first and second rounds. Together, their qualifying vehicle purchases during the time frame in the first round of settlements exceed 235,000, and more than 275,000 vehicles purchased during the relevant time period for settlements in the second round.

8. While initial distribution in the fourth and final round of settlements has not yet occurred, in a June 8, 2020, filing with the Court, class counsel nonetheless represented that they are "nearly ready to distribute the settlements funds held in reserve" for the first three rounds. Auto Dealers' Mem. ISO Mot. to Award Fees Placed in Reserve in 2016 for Round Two Settlements at 5, ECF No. 584.

9. Anticipating that calculation and disbursement of funds held in reserve from any settlement must await final distribution in the fourth and final round of settlements, I contacted class counsel and the claims administrator by email on June 22, 2020, to request an opportunity to discuss reserve fund distribution. I met by phone with claims administrator Scott DiCarlo, Senior Project Manager, KCC LLC, on July 6, 2020, to confirm eligibility to reserve funds from all Dealership Settlements by all Dealership Settlement class members who filed a valid Proof of Claim, regardless of round for initial claim filing. Mr. DiCarlo noted that final amounts for

reserve fund distribution had not been determined at that time and no timeline had been set for reserve fund distribution. Mr. DiCarlo commented during our call that my inquiry regarding eligibility to reserve funds raised "a good question" and offered to take the issue back to class counsel for further discussion. Mr. DiCarlo also noted the efficiencies inherent in distributing reserve funds in one check to each identified class member, rather than individual checks per round.

10. I received a letter by email from class counsel Jonathan Cuneo on July 10, 2020, outlining the position that class counsel now takes with respect to reserve fund eligibility—namely, that reserve funds would be distributed separately by round and only to those class members who filed valid claims by the claim filing deadline in each round. A true and correct copy of Mr. Cuneo's letter is attached hereto as **Exhibit A**. Mr. Cuneo represented in the same letter that class counsel would not distribute any reserve funds prior to July 31, 2020, to afford an opportunity to raise this issue with the Court.

11. I requested an opportunity to meet with class counsel following receipt of Mr. Cuneo's letter and spoke by phone with Mr. Cuneo and Jennifer Kelly on July 15, 2020, in an effort to resolve the issue but we were unable to reach immediate agreement. Class counsel offered to take the issue back for further discussion. Class counsel responded on July 16, 2020, that their position was unchanged and I advised on July 17, 2020, that Dealership Members would be filing a motion to address reserve fund eligibility by July 31, 2020.

12. Class counsel waited until July 22, 2020, to advise by email that they would move forward with reserve fund distribution as soon as possible after July 31, 2020, unless an order was in place by that date to delay distribution, thus necessitating the Emergency Motion to Delay Distribution of Reserve Funds filed with the Court on July 23, 2020 (ECF No. 587). A true and

correct copy of my email correspondence with class counsel from July 15 to July 22, 2020 is attached hereto as **Exhibit B**.

      13.    Crowell & Moring also represents other Settlement Class members, including one of the largest claimants, AutoNation (Claim ID AUTO1-70001036-0). AutoNation agrees with the Dealership Members' position that all eligible vehicles should count for calculation of reserve fund distribution, regardless of the round in which they were claimed.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of July, 2020, in Washington, DC.

By: */s/ Emma K. Burton*
Emma K. Burton

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2020, a copy of the foregoing was filed electronically using the Court's ECF system, which will send notification to each attorney of record by electronic means. Parties may access this filing through the Court's system.

July 31, 2020                                                                  Respectfully submitted,

By: */s/ Jared A. Levine*
Jared A. Levine
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 803-4000
Facsimile: (212) 223-4134
Email: jalevine@crowell.com

Deborah E. Arbabi                                     Emma K. Burton
Daniel A. Sasse                                           Ann L. Rives
Crowell & Moring LLP                              Crowell & Moring LLP
3 Park Plaza, 20th Floor                            1001 Pennsylvania Avenue, NW
Irvine, CA 92614-8505                             Washington, DC 20004
Telephone: (949) 263-8400                     Telephone: (202) 624-2500
Facsimile: (949) 263-8414                       Facsimile: (202) 628-5116
Email: darbabi@crowell.com                 Email: eburton@crowell.com
            dsasse@crowell.com                              arives@crowell.com

Attorneys for Dealership Members