# EXHIBIT A



4725 WISCONSIN AVE, NW, SUITE 200
WASHINGTON, DC 20016
TEL: (202) 789-3960
FAX: (202) 789-1813
contact@cuneolaw.com
www.cuneolaw.com

JONATHAN W. CUNEO
TEL: (202) 789-3960
ADMITTED IN DC, NY AND VARIOUS
FEDERAL COURTS AROUND THE COUNTRY

July 10, 2020

Emma K. Burton, Esq.
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595

**Via Email:** eburton@crowell.com

    Re:   **Automobile Dealership Settlement Funds, Round III Group 3 Distribution**
           *In re Automotive Parts Antitrust Litigation*, **Master File No. 12-md-02311 (E.D. Mich.)**

Dear Ms. Burton:

    Thank you for your inquiry regarding distributing reserved settlement funds from Round I and Round II settlement to automobile dealerships who did not timely file valid Proof of Claims for Round I or Round II settlements, but met claims filing deadlines and requirements for later rounds of settlements. After consultation with our co-lead counsel, I wanted express to you the reasons we cannot honor your request.

    Payments to Class Members for Round I and Round II required the timely filing of a valid Proof of Claim. For Round I, that court-approved deadline was March 31, 2016. For Round II, the court-approved deadline was April 28, 2017. Class Members who did not timely file valid claims by these deadlines were not entitled to a portion of the Settlement Funds for any settlement rounds for which they did not file a timely claim.[1] Judge Battani also approved allocation plans for each part in each round[2] which specified that funds

---

[1] *See* Order Authorizing Dissemination of Class Notice and Scheduling Hearing for Final Approval of Settlements and Application For Interim Expenses, Attorneys' Fees and Service Awards, Ex. 1, Round I Notice, p. 3 (Sept. 23, 2015) ("to share in the Settlement Funds, your dealership will be required to submit a Proof of Claim form that will be available on the Settlement Website at www.AutoDealerSettlement.com, and to submit it by March 31, 2016"); Order Authorizing Dissemination of Class Notice and Scheduling Hearing for Final Approval of Settlements and Application for Interim Expenses, Attorneys' Fees, and Service Awards, (Sept. 1, 2016) (approving Round II Notice, which allowed an automobile dealership to "share in the net proceeds of the current proposed Settlements" if it submitted a valid Proof of Claim filed in the first round of dealership settlements, updated the information in that valid Proof of Claim, or filed a new Proof of Claim form by April 28, 2017).

[2] *See* Order Regarding Auto Dealers' Plans of Allocation (Nov. 29, 2016); Order Regarding Auto Dealers' Plans of Allocation (July 27, 2018).

WASHINGTON, DC (*Main Office*) • BROOMFIELD, CO • NEW YORK • ST. LOUIS



Ms. Emma Burton
Page 2 of 2
July 10, 2020

held in reserve would later be "paid to eligible dealerships based on their *pro rata* share of the settlement funds and the eligible claims filed."

We are required adhere to the settlement funds distribution parameters set by the court. While this has meant turning away some untimely filed dealership claims, it has allowed distribution of nearly $157 million to automobile dealerships in Rounds I, II, and III to automobile dealerships. During this difficult time in our nation, we hope to be able to distribute much of the additional reserve funds to automobile dealerships as soon as possible.

If we were to be required to dispense Round I and Round II reserve funds to all automobile dealerships who have made a valid claim in all rounds, those automobile dealerships who timely filed in the earlier rounds would be disadvantaged. The value of the earlier timely filed valid claims would be diluted by the larger pool of claimants from later settlement rounds. Additionally, any reserve payments would need to be held until all claims by all dealerships in all rounds were reviewed and points calculated. This could result in one claimant holding up a distribution of funds to automobile dealerships for months or years while they pursued points under an allocation plan for the purchase of just one new vehicle.

We expect to be able to distribute the residuals to Settlement Class Members who timely filed a valid Proof of Claim in Rounds I and II within days. We will delay the reserve distributions until July 31, 2020, which would permit you time to obtain a court order modifying the Class Notice Dissemination Orders and Allocation Plan Orders noted above. If you do make such a motion, our current thinking suggests we would have no choice but to oppose it. If you would like to discuss further, please call me.

Please let us know how you would like to proceed by July 16, 2020.

Best regards.

Sincerely,

*Jonathan W. Cuneo*

Jonathan W. Cuneo