# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation | Case No. 1:10 MD 2196 |
| | DISTRIBUTION ORDER |
| This document relates to: ALL INDIRECT PURCHASER CLASS ACTIONS | JUDGE JACK ZOUHARY |

**INTRODUCTION**

In January 2016, this Court granted the Indirect Purchaser Plaintiffs' (IPP) Motions for Final Approval of nine class action Settlement Agreements (Doc. 2020). The Order approved a total Settlement Fund of $151,250,000, as well as a plan for the proportional weighting and allocation of settlement proceeds among claims based on bedding, carpet padding, and furniture purchases (*id.* at 4–5). This Court also authorized incentive awards for the Class Representatives, attorney fees equal to 24% of the Settlement Fund, and over $5 million in costs and expenses (*id.* at 18, 42).

The Claims Administrator has received 96,246 Claim Forms representing total purchases of more than $52 billion (Doc. 2172-1 at ¶ 10). Following extensive investigation and audits, the Claims Administrator accepted 42,652 claims representing over $22 billion in eligible products, or over $17 billion in Qualifying Claims (*id.* at ¶ 27; Doc. 2181 at ¶ 7). The Claims Administrator rejected 53,594 claims as ineligible for a variety of reasons (*id.* at ¶ 29). As of last month, the balance of the Settlement Fund totaled over $103 million, with an additional $6.25 million yet to be deposited (Doc. 2182 at ¶ 3).

The IPP Class now moves for approval of claims, authorization to distribute the Settlement Fund, payment of the Claims Administrator's fees and expenses, and supplemental attorney fees and costs (Doc. 2172). By Order of this Court (Doc. 2173), IPP counsel filed a supplemental brief addressing how an additional attorney fee award would impact distribution to the Class (Doc. 2174). Objectors Melissa Holyoak and John Tabin, by their counsel the Center for Class Action Fairness, opposed the request for supplemental attorney fees (Doc. 2176). By further Order of this Court (Doc. 2178), IPP counsel filed a reply (Docs. 2179–80, 2182). The Motion is fully briefed.

## DISCUSSION

Most of the requests detailed in the Motion are uncontroversial. For example, the Declarations of Eric Miller (Docs. 2172-1, 2179, 2181) and Marvin Miller (Doc. 2172-2) describe the Claims Administrator's efforts in processing and evaluating claims in compliance with the Plan of Allocation, including auditing and investigating suspicious, deficient, or otherwise ineligible claims. This information was published on the class action website (www.polyfoamclassaction.com), and this Court provided an opportunity for interested parties to be heard (Doc. 2175). This Court received no objections to the implementation of the claims administration process or the recommended allocations. Further, this Court finds that the Claims Administrator's efforts were reasonable and appropriate, and complied with the requirements previously set forth in the Settlement Agreements and this Court's Orders. Accordingly, this Court will adopt the Claims Administrator's recommended allocations as set forth in the Eligible Claims Summary (Docs. 2172-1, Ex. B; Doc. 2181, Ex. A).

The Claims Administrator's request for fees and expenses is also unopposed. The Claims Administrator states it has incurred fees and expenses of $2,321,491.91 to date, of which $321,491.91 remains outstanding. It also seeks estimated future fees and expenses of $99,828.31 for distribution of the Settlement Fund. This Court has reviewed the relevant invoices and finds the request

reasonable and appropriately documented (*see* Doc. 2172-1, Exs. E & F; Doc. 2183). Thus, this Court grants the request for $421,320.22 in outstanding and estimated future fees. Once distribution of the Settlement Fund is finalized, the Claims Administrator shall notify this Court whether the fees and expenses incurred total less than the estimated amount. Any remaining funds will be included in a re-distribution to eligible Class Members or will become part of a Court-approved *cy pres* award.

**Supplemental Attorney Fees and Costs**

The request of IPP counsel for additional fees requires greater scrutiny. This Court is charged with ensuring that IPP counsel are "fairly compensated for the amount of work done as well as for the results achieved" on behalf of the Class. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). At the same time, this Court recognizes that "[t]he interest of class counsel in obtaining fees is adverse to the interest of the class in obtaining recovery." *Id.* This Court assumes a fiduciary responsibility to the Class to "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (citation omitted). This obligation includes ensuring a sufficient legal and evidentiary basis for the fee award and providing Class Members an adequate opportunity to be heard. *Id.*

Federal Civil Rule 23 neither authorizes nor prohibits supplemental, post-Final Approval attorney fee awards, but courts regularly grant requests for fees incurred defending a class action settlement or implementing a final judgment. *See, e.g.*, *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1068 (8th Cir. 2015) ("In general, post-settlement monitoring is a compensable activity for which counsel is entitled to a reasonable fee."); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998). However, some courts have also held that attorney fee awards based on a percentage of a common fund already compensate counsel for "incidental work" required to

3

"implement the settlement and distribute the proceeds." *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 440–41 (D. Md. 1998) (quoting *Pray v. Lockheed Aircraft Corp.*, 1987 WL 9757, at *1 (D.D.C. 1987)); *see also Briggs v. United States*, 2012 WL 476348, at *2–3 (N.D. Cal. 2012) (denying request for supplemental fees because original fee award fairly compensated counsel for additional work). As it did with the original fee award, this Court considers a variety of factors in assessing the reasonableness of the requested supplemental award -- namely, "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on a hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009).

*Claims Administration.* IPP counsel seek $33,986 in supplemental attorney fees for time spent supervising the claims administration process, including auditing and investigating certain suspicious claims and responding to inquiries from Class Members (Doc. 2172 at ¶¶ 17–25; Doc. 2172-2 at ¶¶ 4–12). IPP counsel incurred $42,482 in fees related to this work (Doc. 2172-2 at ¶ 12), but voluntarily reduced this request by 20% -- consistent with this Court's prior Order awarding attorney fees -- for a requested award of $33,986 (*id.* at ¶¶ 44–45).

In *Briggs*, the district court found that the original fee award already "contemplated a reasonable amount of continuing and additional work without further awards" because counsel's submissions discussed the future work to be performed on behalf of the class. *Briggs*, 2012 WL 476348, at *2 ("Class counsel's original motion for attorney's fees was thoroughly considered. That motion stated: 'Class counsel expected to take extensive steps to locate class members whose addresses are outdated.'"). That was not the case here; IPP counsel's original fee petition made no

4

such direct references, though it was apparent additional work would be required to implement the Settlement Agreements. At the same time, the original fee petition also included no request for estimated future fees and no suggestion that IPP counsel intended to seek supplemental fees for administrative work performed post-Final Approval. *See Goldenberg*, 33 F. Supp. 2d at 441 ("[T]he fee petition is devoid of any mention of the possibility that Class Counsel might seek further compensation for those services.").

This Court does not doubt that additional work was required of IPP counsel to oversee the claims administration process. But these future efforts were foreseeable at the time of Final Approval, and the types of issues counsel were required to address are not unusual for class action settlements of this size (*see* Doc. 2172-2 at 3–5). Under these circumstances, this Court concludes that counsel's original percentage fee award fairly compensates them for their work in supervising the claims administration process. The request for additional fees incurred by these efforts is denied.

*Preserving the Settlement Fund*. IPP counsel separately request over $1.2 million in fees for their efforts to protect and preserve the settlement for the benefit of the Class. Counsel assert that they have incurred over $1.5 million in fees related to post-judgment litigation (*see* Doc. 2172 at 12). With a voluntary 20% reduction, they request reimbursement of $1,212,337.20 (*id.*).

Since Final Approval in January 2016, IPP counsel have continued to litigate against Objectors on behalf of the Class. Of the eight original Objectors, five appealed this Court's Order (*see* Docs. 2035, 2037, 2038, 2039, 2048). Three voluntarily dismissed their appeals after this Court required them to post an appeal bond (*see* Docs. 2097, 2098, 2099). In June 2016, the Sixth Circuit dismissed the remaining two appeals (*see* Docs. 2100, 2101).

Appeals by Objectors are not unusual in class action litigation. The initial round of appeals in this case was resolved quickly, within five months of Final Approval, and counsel do not identify

5

any circumstances that might be described as extraordinary or even unexpected during this phase of the litigation. As with the fees for claims administration discussed above, this Court finds the original fee award is sufficient to fairly compensate counsel for their settlement preservation and enforcement efforts through June 2016. Counsel's request for fees incurred between January and June 2016 (some $935,000) is denied.

After June 2016, however, this case veered from the highly contested toward the bizarre. Objector Christopher Andrews, though unsuccessful in the Sixth Circuit, remained undeterred. He continued to seek reconsideration of this Court's rulings on both the appeal bond and the merits of his claims, which generally lacked factual and legal support. The tone of Andrews' filings was consistently rude and provocative, levying wild and poorly articulated accusations, conspiracy theories, and occasionally threats against counsel and this Court. In light of this vexatious conduct, this Court granted a Motion for Sanctions in October 2016 and penalized Andrews for the interest lost to the Class ($15,303) due to his frivolous filings (Doc. 2113). After October 2016, the focus of the litigation began to shift from the merits of Andrews' objections to enforcement of the Sanctions Order (*see* Docs. 2115, 2117, 2119, 2121, 2125). Due to Andrews' "continued contumacious conduct" (Doc. 2127 at 2), this Court held him in contempt and later increased the monetary sanction to compensate the Class for additional lost interest (Doc. 2150).

In short, the record is clear that Andrews needlessly prolonged the post-judgment litigation of this case, and IPP counsel were overall quite successful in opposing his delay tactics. On the other hand, though Andrews' filings were voluminous and often difficult to decipher, his legal arguments were not complex; in fact, his submissions typically rehashed the same complaints over and over again. And while recognizing counsel's duty to advocate vigorously on behalf of the Class, this Court is also mindful of its own duty as a fiduciary for the Class when it comes time to pay the bills. With

6

this in mind, this Court must consider not only the success of counsel's efforts, but whether those efforts were reasonable.

From November 2016 onward, counsel's efforts increasingly focused on enforcing the Sanctions Orders.[1] Recovering money owed to the Class is a worthwhile endeavor. But counsel incurred over $166,000 in fees during this time period -- compared to a total possible recovery of $21,882 in monetary sanctions. A paying client almost certainly would not consider that reasonable, and this Court is hard pressed to justify requiring the Class to pay for this litigation strategy.

Upon thorough review of counsel's billing records, this Court finds a supplemental fee award of $110,000 is appropriate. This figure is a rough estimate of the fees incurred by efforts related to the Objector litigation -- *i.e.*, excluding the fees for claims administration discussed above, as well as other clearly administrative tasks identified during this Court's *in camera* review -- from June to early November 2016. Counsel's efforts during this time were focused not on recovering the $22,000 sanctions award, but rather on protecting the $151 million Settlement Fund. Balancing all of the relevant considerations, this Court finds the additional $110,000 in attorney fees reasonable and necessary to compensate IPP counsel for the work done and the results achieved.

When added to the original 24% fee, the total attorney fee award still falls below the 30% maximum identified in the Class Notice (*see* Doc. 1988-2 at 10) ("Plaintiffs' counsel will request attorneys' fees not to exceed thirty percent (30%) of $151,250,000, plus reimbursement of costs and expenses. The Court will then decide a reasonable fee and expense award."). *See Goldenberg*, 33 F. Supp. 2d at 441 ("Class members have frequently been notified of the maximum amount of

---

[1] IPP counsel note that they continue to litigate against Andrews in two appeals pending before the Sixth Circuit. If the Class prevails on appeal, counsel may be able to seek their fees and costs under Federal Appellate Rules 38 and 39. In any event, that issue is not currently before this Court.

7

attorney's fees to be awarded in a settlement."); *In re Southwest Airlines Voucher Litig.*, 2016 WL 3418565, at *5 (N.D. Ill. 2016) (requiring additional class notice where addition of supplemental fees "would make the total award exceed the amount the class was told [the defendant] would not oppose"). This Court therefore finds that further notice to the Class is not required -- especially since it is likely the costs of sending any such notice would exceed the amount of the fee award (*see* Doc. 2180 at 4).

*Costs.* "Under the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003). In determining whether actual costs are reasonable, this Court considers whether they are the type of expenses typically billed to paying clients in similar cases. *Id.* Here, counsel ask for $57,275.71 in post-judgment costs. The single largest expense ($32,000) consists of payments for the Special Master's fees, which are appropriate and in fact required by prior Orders of this Court (*see* Docs. 1313, 1429, 1471, 1528, 1600, 1729, 1797, 1871, 1984, 2024, 2061, 2094). The remaining expenses (around $25,000) include fees for legal research services, consultants, court filings, and court reporters, as well as travel, photocopying, and postage costs. These items are routinely charged to fee-paying clients and appear to be reasonable in this case. The request for post-judgment costs and expenses is granted in full.

**CONCLUSION**

Accordingly, the IPP Motion (Doc. 2172) is granted in part and denied in part as follows:

1. This Court approves the administrative determination by the Claims Administrator to accept the eligible claims identified in Exhibit A to the September 2017 Supplemental Declaration of Eric Miller (Doc. 2181), including late claims received before June 22, 2017 and corrective correspondence received before June 27, 2017.

8

2. This Court approves the administrative determination by the Claims Administrator to reject the deficient or otherwise ineligible claims identified in Exhibit D to the July 2017 Declaration of Eric Miller (Doc. 2172-1 at 367–963).

3. This Court directs the Claims Administrator to proceed with the distribution of the Net Settlement Fund as described in the Plan of Allocation (Doc. 1860 at 22–28) and the July 2017 Declaration of Eric Miller (Doc. 2172-1 at ¶¶ 34–37).

4. This Court grants the Claims Administrator's request for the outstanding balance of its fees and expenses incurred in administering the claims process thus far ($321,491.91), as well as its estimated future expenses ($99,828.31), for a total fee award of $421,320.22. If the fees and expenses incurred in finalizing the distribution of the Net Settlement Fund total less than the estimated amount, any remaining funds will be included in a re-distribution to eligible Class Members or will become part of a Court-approved *cy pres* award.

5. This Court grants in part IPP counsel's request for supplemental attorney fees and costs in the amount of $167,275.71.

6. This Court retains jurisdiction to consider any further applications regarding administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

          s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 30, 2017